UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CURTIS BARNETTE JOSHUA,<br><br>           Petitioner,<br><br>     v.<br><br>DEBRA DEXTER,<br><br>           Respondent. | No. ED CV 07-00978-VAP (VBK)<br><br>MEMORANDUM AND ORDER DENYING PETITIONER'S MOTION TO AMEND |

**INTRODUCTION**

On August 3, 2007, Curtis Barnette Joshua (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254 ("Petition"). On September 7, 2007, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas Corpus; Memorandum of Points and Authorities in Support of Motion to Dismiss Petition for Writ of Habeas Corpus" and "Notice of Lodging," contending that the Petition should be dismissed on the grounds that the claims are unexhausted.

On September 11, 2007, the Court issued a Minute Order ordering Petitioner to file an Opposition or Statement of Non-

Opposition to the Motion to Dismiss.

On September 24, 2007, Petitioner filed a document entitled "Petitioner's Objections to Motion to Dismiss and Request for Appointment of Counsel."

On February 4, 2008, the Court issued a Memorandum and Order Deeming Respondent's Motion to Dismiss Moot and ordering Respondent to file an Answer addressing the merits of the Petition.

On February 13, 2008, Petitioner filed a "Multi-Motion to: (1) Set Aside Abeyance; (2) Maintain Status of In Forma Pauperis Status or Court Fees and Costs; and (3) Request for Appointment of Counsel."

On February 19, 2008, the Court issued a Minute Order denying Petitioner's request for appointment of counsel and request to proceed In Forma Pauperis.

On March 5, 2008, Respondent filed an "Answer to Petition for Writ of Habeas Corpus (28 U.S.C. §2254) and Memorandum of Points and Authorities in Support Thereof."

On March 25, 2008, Petitioner filed a "Motion to Amend Writ of Habeas Corpus." Petitioner requests the Court allow him to add two additional claims.

On March 31, 2008, the Court issued a Minute Order ordering Respondent to file an Opposition or Statement of Non-Opposition to the Motion to Amend.

On April 9, 2008, Petitioner filed a "Multi-Motion to (1) Extension of Time to File Reply to the Answer by the Respondent(s) and/or (2) Stay the Reply Until Respondent Complies with Request on 2 Additional Claims on First Amended Writ; (3)

appoint counsel."

On April 24, 2008, Respondent filed a document entitled "Respondent's Opposition to Petitioner's Motion to Amend Petition and Supporting Memorandum of Points and Authorities.

On May 7, 2008, Petitioner filed an "Acknowledgment."

Having reviewed the allegations in the Petition, Respondent's Answer, Petitioner's Motion to Amend, Respondent's Opposition and all of the records in this matter, the Court **HEREBY DENIES** Petitioner's Motion to Amend the Petition.

## BACKGROUND

Petitioner was convicted by a jury in San Bernardino County Superior Court of second degree robbery in violation of California Penal Code ("PC") §211, criminal threats in violation of PC §422, and evading an officer in violation of Vehicle Code §2800.2 subd. (a). The court further found that Petitioner committed the following prior convictions: two prior strike convictions within the meaning of PC §§667(b) through (i); two prior serious felony convictions under PC §667(a)(1); in Count 1, a prior prison conviction under PC §667.5(a); and in Counts 2 and 3, two prior prison convictions under PC §667.5(b). The court sentenced petitioner to a total prison term of 30 years to life. (Respondent's Lodgment 1.)

On January 17, 2006, Petitioner filed an appeal in the California Court of Appeal. Petitioner raised the following claims: (1) there was insufficient evidence to establish that the "fear" experienced by one of the victims was sufficient to establish the criminal threat conviction; (2) the trial court

erred in not including on a lesser included offense of attempted criminal threats; (3) there was insufficient evidence to establish the robbery conviction; (4) the evidence was insufficient to support a finding of evading; (5) the trial court erred in sentencing Petitioner concurrently for the evading conviction as this was an escape that was a continuation of the robbery; (6) the People committed error by commenting that he lacked credibility for failing to take the stand and deny his guilt under oath; and (7) Petitioner was denied effective assistance of counsel during his trial and prior to sentencing. (Respondent's Lodgment 4.)

On August 17, 2006, the California Court of Appeal affirmed the judgment. (Respondent's Lodgment 6.)

Petitioner did not file a Petition for Review with the California Supreme Court.

On July 29, 2007, Petitioner filed a "Petition for Writ of Habeas Corpus" in the California Supreme Court wherein he raised the same claims as those raised in the California Court of Appeal.

On August 3, 2007, Petitioner filed the within Petition.

On January 16, 2008, the California Supreme Court denied Petitioner's state habeas petition.

**PETITIONER'S CONTENTIONS**

Petitioner contends the following, <u>inter alia</u>:

1. There was insufficient evidence to establish fear in violation of the Fourteenth Amendment;
2. Petitioner was denied a lesser included offense

        instruction in violation of the Sixth and Fourteenth Amendments;

3.   There was insufficient evidence to establish a robbery conviction in violation of the Sixth, Eighth and Fourteenth Amendments;

4.   There was reversible error by the prosecutor commenting on the Petitioner's failure to testify in his own defense in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments; and

5.   Petitioner was denied the effective assistance of counsel on priors sentence in violation of the Fifth, Sixth and Fourteenth Amendments.

(See Petition at 5-6.)

## DISCUSSION

For all of the following reasons, Petitioner's Motion to Amend is Denied.

### A.   Applicable Law Regarding Motions To Amend.

Federal Rule of Civil Procedure 15(a) allows a party to amend his petition by leave of court at any time, and such leave shall be freely given when justice so requires. In determining whether to grant a motion for leave to amend, a court considers the following factors, which are not given equal weight: futility of the amendment, bad faith, undue delay, prejudice to the opposing party, and whether the party has previously amended. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). The Ninth Circuit has stated that "futility of an amendment can, by itself,

justify the denial of a motion for leave to amend because the preferred amendments would be nothing more than an exercise in futility;" see Scott v. Baldwin, 225 F.3d 1020, 1023 (9th Cir. 2000) (petitioner's motion to remand denied because it would be futile to amend the habeas petition to allege a claim under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000)).

### B. PETITIONER'S MOTION TO AMEND IS DENIED

Petitioner seeks leave to amend to add the following two claims to his Petition: "(6) [t]he trial court error [sic] in dismissing jury before hearing strike pre-(1994). Sixth, Eighth, Thirteenth, Fourteenth (U.S.C.A.) United States Constitution, and California [sic]" and "(7) [t]he trial court erred in the use of one prior per [sic] -1994, making two strikes out of one prior per [sic] -1994. Fifth, Sixth, Eighth, Thirteenth, Fourteenth (U.S.C.A.) and California Constitution [sic]." (Petitioner's "Proposed First Amended Petition" at pp. 8-13.)

In support of Petitioner's first new claim (Proposed Ground 6), Petitioner contends that because California's Three Strikes Law "was not in existence at the time of his 1990 plea bargain," the trial court cannot use his 1990 conviction to "retroactively" impose the penalty under the Three Strikes Law for his 2005 conviction. (Petitioner's "Proposed First Amended Petition" at pp. 9-10.)  Petitioner therefore argues that the trial court's imposition of such a penalty violated the "pre-Three Strikes Law" "legal contract" he agreed to in 1990. (Petitioner's "Proposed First Amended Petition" at pp. 10-11.)

In People v. Gibson, 117 Cal.App.4th 1065, 12 Cal.Rptr.3d

6

478 (2004), the defendant claimed that his sentence under the Three Strikes Law for his crime committed in 2001, violated the plea bargain contract he made with the state in 1992. Id. at 1068-1069. Specifically, the defendant in Gibson argued that his 1992 plea agreement incorporated by reference California Penal Code's sentencing provisions as they existed in 1992, which provided a recidivist penalty of five years for each prior serious felony and a one-year enhancement for each prior prison term served. Therefore, the defendant in Gibson claimed the trial court violated this "contract" when it imposed a sentencing enhancement that was enacted after 1992. Id. In finding that the defendant was properly sentenced, the California Court of Appeal held that, "contracts are deemed to incorporate not only the existing law, but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy..." Id. at 1070; cf. Davis v. Woodford, 446 F.3d 957, 958, 961-963 (9th Cir. 2006)(where the state has "expressly agreed" to treat two or more convictions as a single "prior" for later recidivist sentencing under "whatever law might then be in effect," and where this agreement played a role in the defendant's decision to plead guilty, the state "must live with the particular bargain that it made.")

    Here, Petitioner has made no allegation that the prosecution or trial court agreed to limit in any way the future consequences of Petitioner's 1990 guilty plea. Therefore, as Petitioner's claim in his Proposed Ground 6 appears to be identical to the claim in Gibson, it is meritless.

    In support of Petitioner's second new claim (Proposed Ground

7

7), Petitioner appears to argue that, because he was convicted of both of his prior "strike" offenses on the same date and under the same court case number, the trial court violated his constitutional rights (as well as his 1990 plea bargain) when it used these two convictions as two separate prior strikes under the Three Strikes Law.

However, in People v. Fuhrman, 16 Cal.4th 930, 941 P.2d 1189, 67 Cal.Rptr.2d 1 (1997), the California Supreme Court held that under California's Three Strikes Law, "a prior qualifying conviction need not have been brought and tried separately from another qualifying conviction in order to be counted as a separate strike." Id. at 933.  In other words, "when a defendant has been convicted of more than one violent or serious felony offense in a single prior proceeding, each conviction may be counted as a strike under the Three Strikes Law." Id. at 930. Therefore, Petitioner's claim in his proposed Ground 7 appears to be identical to the claim in Fuhrman, and is meritless.

Here, as noted above, Petitioner seeks to amend his Petition in include proposed Grounds 6 and 7 which involve state sentencing claims and under state law are not meritorious.[1]

---

[1] Generally, matters relating to state sentencing are not cognizable under federal habeas review. Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989)(holding that a question of whether a prior conviction qualifies for sentence enhancement under California law is not a cognizable federal habeas corpus claim). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).  A habeas petitioner must show that an alleged state sentencing error was "so arbitrary or capricious as to constitute an independent due process" violation." Richmond v. Lewis, 506 U.S. 40, 50, 113 S.Ct. 528, 536 (1992). See e.g., Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994)("The

8

Furthermore, Petitioner alleges no new facts and there is nothing in the nature of these claims to suggest that Petitioner was unaware of the underlying factual allegations at the time he filed his original petition in Federal Court. Indeed, Petitioner had included these two proposed claims in a state petition filed in the California Supreme Court a mere two days before he filed his federal petition. (<u>See</u> Lodgment 7.) Additionally, Petitioner did not see fit to present these two claims in his "Amended" Petition filed on February 13, 2008. Petitioner waited until Respondent filed both the Motion to Dismiss and an Answer to his original federal Petition before making his eleventh hour attempt to present these two new claims to this Court. Petitioner had ample time to address these issues in prior proceedings and has not justification for not doing so. Accordingly, Petitioner's motion should be denied. (<u>See</u> <u>Bonin v. Calderon</u>, 59 F.3d at 845-846; <u>see also</u> <u>Briddle v. Scott</u>, 63 F.3d 364, 375 (5th Cir. 1995), <u>cert. denied</u>, 516 U.S. 1033, 116 S.Ct. 687, 133 L.Ed.2d 531 (1995) (denying federal habeas petitioner right to amend petition

---

decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus."). <u>Peltier v. Wright</u>, 15 F.3d 860, 862 (9th Cir. 1994)(state supreme court's interpretation of whether state judge's order, placing defendant on probation and directing defendant to spend 60 days in county jail, constituted a withholding of judgment or sentence was a question of state law); <u>Hendricks v. Vasquez</u>, 993 F.2d 654, 674 (9th Cir. 1993)(claim that state court violated state law when it failed to merge convictions for sentencing purposes held not to state due process violation are not cognizable in federal habeas). <u>See</u> <u>generally</u>, <u>Walker v. Endell</u>, 850 F.2d 470, 476 (9th Cir. 1987), <u>cert. denied</u>, 488 U.S. 981 (1988)("Generally, a federal appellate court may not review a state sentence that is within statutory limits"). <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991)(stating that it is not the province of a federal court to reexamine state court determinations on state law questions).

to add certain issues which could have been included in original petition, to avoid having to raise such issues in subsequent federal habeas proceeding that would be subject to dismissal for abuse of the writ).

Finally, Petitioner should not be permitted to amend the Petition to include the additional claims as it would be an exercise in futility.  Thus, Petitioner's Motion to Amend the Petition is denied.

## ORDER

For all the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Amend the Petition is Denied. Petitioner is **ORDERED** to file a Reply to Respondent's Answer within 30 days of the date of this Order.  The matter will then stand submitted.

DATED:  May 13, 2008                     /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE

to add certain issues which could have been included in original petition, to avoid having to raise such issues in subsequent federal habeas proceeding that would be subject to dismissal for abuse of the writ).

Finally, Petitioner should not be permitted to amend the Petition to include the additional claims as it would be an exercise in futility.  Thus, Petitioner's Motion to Amend the Petition is denied.

## ORDER

For all the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Amend the Petition is Denied. Petitioner is **ORDERED** to file a Reply to Respondent's Answer within 30 days of the date of this Order.  The matter will then stand submitted.

DATED:  May 13, 2008                     /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE